**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**


**JMAR EXPRESS, INC. and**
**CHRISCAT LEASING, INC.**                                                  **PLAINTIFFS**

**v.**                                    **4:10CV01231-BRW**

**PETERBILT OF MEMPHIS, INC.; PACCAR, INC.;**
**CATERPILLAR, INC.; J.A. RIGGS TRACTOR CO.;**
**CUMMINS, INC.; and CUMMINS MID-SOUTH, LLC**                    **DEFENDANTS**


<u>**ORDER**</u>

     Pending is Separate Defendant J.A. Riggs Tractor Company's ("Riggs") Motion for

Summary Judgment (Doc. No. 30-1).  Plaintiffs have responded[1] and filed an additional brief.[2]

Riggs has replied.[3]  As explained below, the Motion is GRANTED.

**I.        BACKGROUND**

     This case involves allegedly defective tractor trucks.  Chriscat Leasing, Inc. ("Chriscat"),

purchased these tractor trucks from Peterbilt of Memphis, Inc. ("Peterbilt"); JMAR Express, Inc.

("JMAR"), in turn leased the trucks from Chriscat.[4]  Plaintiffs, Christcat and JMAR, allege that

the defective trucks and their engines caused them incidental and consequential damages.[5]

---

[1]Doc. No. 38.

[2]Doc. No. 44.

[3]Doc. No. 45.

[4]Doc. No. 2.

[5]*Id.*

Riggs is named only in Count II of the Complaint, which alleges breach of express and implied warranties in thirty-seven model year 2010 Peterbilt trucks (the "2010 Trucks").[6] According to the Complaint, Riggs "and/or its agent was assigned to Plaintiffs to serve as technical field representative for the 2010 Trucks."[7]  Plaintiffs' express warranty claims in Count II are against Defendants PACCAR, Caterpillar, and Cummins—not Riggs.[8]  Riggs is included only in the claims for breach of implied warranties.[9]  Plaintiffs allege that the 2010 Trucks had defects and were non-conforming for the purposes for which they were purchased; this non-conformity caused Plaintiffs financial damage; and Defendants (including Riggs) knew or should have known at the time of sale that the 2010 Trucks had the defects.[10]

In September 2010, Defendant Caterpillar removed this case to federal court, asserting diversity jurisdiction on the ground that Riggs, the only Arkansas defendant, was fraudulently joined.[11]

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[12]  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

---

[6]*Id.*

[7]*Id.* at ¶ 28.

[8]*Id.* at ¶ 26, ¶ 27.

[9]*Id.*, p. 5.

[10]*Id.*

[11]Doc. No. 1.

[12]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[13]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should be granted only when the movant has established a right to the judgment beyond controversy.[14]  Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[15]  I must view the facts in the light most favorable to the party opposing the motion.[16]  The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*, "[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[17]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[18]

---

[13]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[14]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[15]*Id.* at 728.

[16]*Id.* at 727–28.

[17]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273–74 (8th Cir. 1988) (citations omitted)).

[18]*Anderson*, 477 U.S. at 248.

### III.     DISCUSSION

At issue here is whether Riggs can be held liable for breach of warranties.  Riggs contends that it is entitled to summary judgment because, as it did not manufacture or sell any goods to Plaintiffs, it cannot be liable for breach of warranty of any kind.[19]  Plaintiffs respond that, while the general rule is that only manufacturers and sellers of goods are liable for breach of warranties, "the rule can be altered by the manufacturer and/or seller delegating performance or duties on an agent."[20]  Plaintiffs maintain that there is a genuine issue of material fact with respect to the agency relationship between Riggs and Caterpillar (the manufacturer of the 2010 Trucks' engines) and the duty and liability of Riggs for the damages at issue in this case.[21]

In support of their position, Plaintiffs point to[22] the Arkansas Supreme Court case *Southland Mobile Home Corporation v. Chyrchel*.[23]  That case is distinguishable.  In *Southland*, a manager, Mr. Barham, operated a mobile home sales lot owned by Southland.  A mobile home that appellee purchased from Mr. Barham was damaged as a result of faulty set up and installation.  Southland argued on appeal that Mr. Barham was not its agent at the time of the sale of the mobile home and it could not be bound by his actions.  The Arkansas Supreme Court affirmed the trial court's finding that there had been a breach of contract and breach of warranty by Southland and Barham, jointly and severally.  It held that substantial evidence supported finding that Mr. Barham possessed apparent authority to sell the mobile home at issue as the agent of Southland.  So the

---

[19]Doc. No. 31.

[20]Doc. No. 38.

[21]*Id.*

[22]Doc. No. 44.

[23]255 Ark. 366 (1973).

agency relationship at issue in *Southland* involved an agent making a sale on behalf of a principle, and thus the agent could be viewed as a "seller" himself.[24]  It is inapposite to the present case.

Plaintiffs have not pointed to, nor has my research revealed, any authority for holding a party that was not involved in the manufacture or sale of goods liable for breach of warranties.  In fact, there is some authority to the contrary.[25]  By their plain language, the applicable implied warranty statutes do not extend to Riggs:

> Where **the seller** at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on **the seller's** skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.[26]

Also, "Unless excluded or modified (§ 4-2-316), a warranty that the goods shall be merchantable is implied in a **contract for their sale** if **the seller** is a merchant with respect to goods of that kind."[27]  Riggs merely served as technical field representative for the 2010 Trucks, not a seller or manufacturer.[28]

As I see it, there is no basis under the law for holding Riggs liable for breach of warranties of any kind.  Thus, no genuine issue of material fact exists as to Defendant Riggs, and Riggs is entitled to judgment as a matter of law.

---

[24]A "seller" is defined as "a person who sells or contracts to sell goods."  Ark. Code Ann. § 4-2-103(1)(d).

[25]See *Klo-Zik Co. v. General Motors Corp.*, 677 F. Supp. 499, 507–08 (E.D. Tex. 1987) (applying Texas law to hold that truck engine servicer did not qualify as seller of trucks at issue and could not be held liable on implied warranty theory).

[26]Ark. Code Ann. § 4-2-315 (emphasis added).

[27]Ark. Code Ann. 4-2-314(1) (emphasis added).

[28]Doc. No. 31-1.

**CONCLUSION**

For the reasons set out above, Defendant Riggs's Motion for Summary Judgment (Doc. No. 30-1) is GRANTED.  Accordingly, Riggs is DISMISSED as a defendant in this case.

IT IS SO ORDERED this 14th day of February, 2011.


/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE