UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JMAR EXPRESS, INC. &
CHRISCAT LEASING, INC.                                    PLAINTIFFS

CIVIL ACTION NO: 4-10 CV-1231

VS.

PETERBILT OF MEMPHIS, INC., PACCAR, INC.,
CATERPILLAR INC. & CUMMINS INC.                          DEFENDANTS

## AMENDED COMPLAINT

Comes now Plaintiffs JMAR Express, Inc. and CHRISCAT Leasing, Inc., by and through

their attorneys, Belew, Bell & Brissey, and for their Amended Complaint against the Defendants

state and allege as follows:

1.       Plaintiffs JMAR Express, Inc. and CHRISCAT Leasing, Inc. are Arkansas

corporations with their principal places of business in White County, Arkansas.

2.       Defendant Peterbilt of Memphis, Inc. is a Tennessee corporation with its principal

place of business at 1761 East Brooks Road, Memphis, Tennessee 38116.

3.       Defendant PACCAR Inc. is a Delaware corporation, which has a division

Peterbilt Motors Company, and with its principal place of business at 777 106th Avenue N.E.,

Bellevue, Washington 98004.

4.       Defendant Caterpillar Inc. is a Delaware corporation with its principal place of

business at 100 North East Adams Street, Peoria, Illinois 61629.

5.       Defendant Cummins Inc. is an Indiana corporation with its principal place of

business at Box 3005 M/C 60113, Columbus, IN 47202.

FACTS

6.      Plaintiffs JMAR Express, Inc. and CHRISCAT Leasing, Inc. have purchased trucks from Defendant Peterbilt of Memphis, Inc. for many years.

7.      The business model for Plaintiffs includes trading or selling its trucks in operation and purchasing new trucks every 2 ½ to 3 years.  This business model maximizes revenue and minimizes operational costs.

8.       In the ordinary business cycle, on or about October 13, 2006, Plaintiff Chriscat Leasing, Inc. purchased from Defendant Peterbilt of Memphis, Inc. seven (7) 2007 Peterbilt brand tractor trucks.  On or about November 8, 2006, Plaintiffs purchased from Defendant Peterbilt of Memphis, Inc. seventeen (17) additional 2007 Peterbilt brand tractor trucks.  On or about November 27, 2006, Plaintiffs purchased from Defendant Peterbilt of Memphis, Inc. fourteen (14) additional 2007 Peterbilt brand tractor trucks (cumulatively the "the 2007 Trucks").

9.      Plaintiff Chriscat Leasing, Inc. leased the 2007 Trucks to Plaintiff JMAR Express, Inc.

10.      The 2007 Trucks did not perform as warranted, causing significant costs and lost profits.

11.      Plaintiffs, specifically Glenda Martin, made the problems with the 2007 Trucks and the Cummins engines known to Defendant Peterbilt of Memphis, Inc.  Ms. Martin's complaints were made known to Peterbilt and PACCAR representatives.

12.      In response to Ms. Martin's complaints about the 2007 Trucks, Russell L. Cobb who was the District Sales Manager of the Southeast Region of Peterbilt Motors Company, a Division of PACCAR, Dave Kirwan, who was the Regional Manager of the Southeast Region of Peterbilt Motors Company, and R.L. Rutherford, who was the Vice President of Peterbilt of

2

Memphis, Inc. (collectively the "Peterbilt representatives") came to the offices of Plaintiff JMAR Express, Inc. in Searcy, Arkansas and met with Plaintiffs' employees Glenda Martin and Lannie Martin. The purpose of this meeting was to entice Plaintiffs to tradethe 2007 trucks and purchase new trucks being sold by the Peterbilt representatives.

13.     In the meeting, the Peterbilt representatives proposed that Plaintiffs trade the 2007 Trucks and purchase new Peterbilt trucks with Caterpillar engines, despite that the timing of the proposed trade was outside the ordinary trade cycle. The specific enticement used was that the Peterbilt engine would not suffer the defects Plaintiffs were experiencing with the 2007 truck engines.

14.     The Peterbilt representatives assured Plaintiffs that the purchase of new Peterbilt trucks with Caterpillar engines would solve Plaintiffs' engine problems.

15.     Also in the meeting, the Peterbilt representatives assured Plaintiffs that the Caterpillar engines they encouraged Plaintiffs to purchase were compliant with current United States Environmental Protection Agency ("EPA") regulations, that the engines were reliable, that any problems with Caterpillar engines had been resolved, and that waiting to purchase the next phase of Caterpillar-made engine would cost $10,000 more per engine because of changing EPA regulations.

16.     The representations made by the Peterbilt representatives were false. Moreover, at the time the Peterbilt representatives made the representations to Plaintiffs, they were aware that the Caterpillar engine was suffering from serious and significant performance problems and were not performing in the manner the Peterbilt representatives told Plaintiffs they were performing. Peterbilt, PACCAR and Caterpiller had all been informed by previous purchasers of trucks with this engine that the engine was suffering significant performance deficiencies.

Caterpillar, in fact, discontinued making any engine of this sort due to its inability to remedy the performance problems

17.     The representations made by the Peterbilt representatives were the reason Plaintiffs elected to trade the 2007 Trucks outside the ordinary trade cycle.

18.     On or about April 20, 2009, Plaintiffs purchased from Defendant Peterbilt of Memphis, Inc. ten (10) 2010 Peterbilt brand tractor trucks.  On or about September 22, 2009, Plaintiffs purchased from Defendant Peterbilt of Memphis, Inc. twenty seven (27) additional 2010 Peterbilt brand tractor trucks (cumulatively the "2010 Trucks").

19.     Plaintiff Chriscat Leasing, Inc. leased the 2010 Trucks to Plaintiff JMAR Express, Inc.

20.     Beginning with the very first delivery of 2010 Trucks, the engine did not perform as represented and the Peterbilt representatives failed to respond or remedy the problems.  In fact, the performance problems suffered by the 2010 trucks were worse than the performance problems suffered by the 2007 trucks.  The representations made by the Peterbilt representatives to Plaintiffs were, thus, wholly false, misleading, deceptive and unconscionable.

## COUNT I:

## BREACH OF EXPRESS & IMPLIED WARRANTIES – 2007 TRUCKS

21.     Plaintiffs adopt and incorporate all the allegations set forth in previous sections above.

22.     Plaintiffs purchased and leased the 2007 Trucks to be used for trucking and freight services and this fact was known to Defendants Peterbilt of Memphis, Inc., PACCAR, Inc. and Cummins, Inc. at the time of purchase.

23.     Defendant PACCAR, Inc., by and through its division Peterbilt Motors Company,

manufactured the 2007 Trucks and expressly warranted to Plaintiffs that the trucks would be free from defects in materials and workmanship during the time and mileage set forth in the Warranty Schedule and appearing during normal commercial use and service.

24.     Defendant Cummins, Inc. manufactured the engines in the 2007 Trucks and expressly warranted to Plaintiffs that the engines would be free from defects.

25.     The 2007 Trucks and their engines were not free from defects and were not fit for the ordinary purposes for which such goods are used.

26.     At the time of the acceptance of the trucks, Plaintiffs did not know and could not have known that the trucks had defects and were not fit for the purposes for which they were purchased.

27.     The 2007 Trucks and their engines had numerous defects which caused an unreasonable number of mechanical problems, including but not limited to EGR valve failures, an unreasonable number of breakdowns and incidental and consequential damages.

28.     The defects in the 2007 Trucks and their engines were of such a nature that they substantially impaired the value to Plaintiffs and caused Plaintiffs financial damage.

29.     Defendants Peterbilt of Memphis, Inc., PACCAR, Inc., and Cummins, Inc. knew or should have known at the time of sale that the 2007 Trucks and their engines had the defects.

30.     Plaintiffs timely notified Defendants Peterbilt of Memphis, Inc., PACCAR, Inc., and Cummins, Inc. of the non-conformity and Defendants failed and refused to correct the non-conformity or pay related damages.

31.     Pursuant to Ark. Code Ann. § 4-2-715, Plaintiffs are entitled to recover from Defendants Peterbilt of Memphis, Inc., PACCAR, Inc., and Cummins, Inc. the purchase price of the 2007 Trucks and incidental and consequential damages incurred by Plaintiffs as a result of

5

their purchase of the 2007 Trucks.

## COUNT II:

### BREACH OF EXPRESS & IMPLIED WARRANTIES – 2010 TRUCKS

32.     Plaintiffs adopt and incorporate all the allegations set forth in previous sections above.

33.     Plaintiffs purchased and leased the 2010 Trucks to be used for trucking and freight services and this fact was known to Defendants Peterbilt of Memphis, Inc., PACCAR, Inc., and Caterpillar Inc. at the time of purchase.

34.     Defendant PACCAR, Inc., by and through its division Peterbilt Motors Company, manufactured the 2007 Trucks and expressly warranted to Plaintiffs that the trucks would be free from defects in materials and workmanship during the time and mileage set forth in the Warranty Schedule and appearing during normal commercial use and service.

35.     Defendant Caterpillar Inc. manufactured the engines of the 2010 Trucks and warranted to Plaintiffs that the engines would be free from defects.

36.     Plaintiffs purchased and leased the trucks to be used for trucking and freight services and this fact was known to Defendants Peterbilt of Memphis, Inc., PACCAR, Inc., and Caterpillar Inc. at the time of purchase.

37.     At the time of the acceptance of the 2010 Trucks, Plaintiffs did not know and could not have known that the 2010 Trucks had defects and were non-conforming for the purposes for which they were purchased.

38.     The 2010 Trucks and their engines have numerous defects which cause an unreasonable number of mechanical problems, including but not limited to regeneration related problems, an unreasonable number of breakdowns incidental and consequential damages.

39.     The non-conformity of the 2010 Trucks is of such a nature that it has substantially impaired the value to Plaintiffs and caused Plaintiffs financial damage.

40.     Defendants Peterbilt of Memphis, Inc., PACCAR, Inc., and Caterpillar Inc. knew or should have known at the time of sale that the 2010 Trucks had the defects.

41.     Plaintiffs timely notified Defendants Peterbilt of Memphis, Inc., PACCAR, Inc., and Caterpillar Inc. of the non-conformity and Defendants failed and refused to correct the non-conformity.

42.     On or about May 20, 2010, Plaintiffs revoked acceptance of the trucks as allowed by Arkansas Code § 4-2-608 and Plaintiffs are entitled to damages as allowed by Arkansas law.

43.     Defendants Peterbilt of Memphis, Inc., PACCAR, Inc., and Caterpillar Inc. failed and refused to pay Plaintiffs for their damages.

44.     Pursuant to Ark. Code Ann. § 4-2-715, Plaintiffs are entitled to recover from Defendants Peterbilt of Memphis, Inc., PACCAR, Inc., and Caterpillar Inc. the purchase price of the 2010 Trucks and incidental and consequential damages incurred by Plaintiffs as a result of their purchase of the trucks.

## COUNT III:

## VIOLATIONS OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT

45.     Plaintiffs adopt and incorporate all the allegations set forth in previous sections above.

46.     Plaintiffs, as corporations who purchased goods, are consumers under the Arkansas Deceptive Trade Practices Act ("ADTPA"), Ark. Code Ann. § 4-88-101 et seq.

47.     Defendants Peterbilt of Memphis, Inc. and PACCAR, Inc. are corporations subject to liability under ADTPA.

48.     The ADTPA prohibits any false, deceptive or unconscionable practice in business commerce or trade.  Defendants Peterbilt of Memphis, Inc. and PACCAR, Inc. violated ADTPA by their actions directed toward Plaintiffs, including but not limited to their employees, the Peterbilt Representatives, making false representations as to the characteristic and quality of the 2010 Trucks, including their engines, emissions and regeneration systems, as prohibited by Ark. Code Ann. § 4-88-107(a)(1) & 4-88-108(1).

49.     Defendants Peterbilt of Memphis, Inc. and PACCAR, Inc. further violated ADTPA when their employees, the Peterbilt Representatives, failed to disclose information concerning the 2010 Trucks, including their engines, emissions and regeneration systems, which was known at the time of the purchase and such failure to disclose the information was intended to induce Plaintiffs into the purchase which they would not have entered into had the information been disclosed, as prohibited by Ark. Code Ann. § 4-88-107(a)(10) and 4-88-108(2).

50.     As a result of Defendants Peterbilt of Memphis, Inc. and PACCAR, Inc.'s violation of ADTPA, Plaintiffs suffered financial loss and other damages.

COUNT IV:

FRAUD

51.     Plaintiffs adopt and incorporate all the allegations set forth in previous sections above.

52.     Defendants Peterbilt of Memphis, Inc. and PACCAR, Inc. knew the engine and emission systems in the 2010 Trucks were defective and had a duty to disclose the fact that the defects existed.  The Peterbilt Representatives committed fraud when they concealed and/or failed to disclose the existence of the defects to Plaintiffs.

53.     The existence of the defects in the 2010 Truck engines was material and the

8

Peterbilt Representatives concealed the defects with intent to induce Plaintiffs to purchase the 2010 Trucks.

54.     The fraudulent acts of the Peterbilt Representatives, Defendants Peterbilt of Memphis, Inc. and PACCAR, Inc. caused Plaintiffs financial loss and other damages.

55.     Plaintiffs' demand is in excess of federal jurisdictional limits.

WHEREFORE, Plaintiffs pray that this Court rescind the agreement between Plaintiffs and Defendant Peterbilt of Memphis, Inc. whereby Plaintiffs purchased the 2010 Trucks, that Plaintiffs be granted judgment against the Defendants for damages incurred as a result of the purchase and operation of the 2007 and 2010 trucks, for reasonable attorney fees, for the cost laid out and expended, and for any and all other relief to which Plaintiffs are entitled.

Plaintiffs request a trial by jury.

Respectfully submitted,

John M. Belew, #73006
Laura W. Brissey, #2004180
BELEW, BELL & BRISSEY
500 East Main, Suite 301
Batesville, Arkansas 72501
(870) 793-4247
(870) 793-2055 - Fax
laura@belewandbell.com

## CERTIFICATE OF SERVICE

I hereby certify that service of the above and foregoing was made on counsel below by filing it on the CM/ECF system on this 2nd day of August, 2011.

Michael J. Emerson
BARBER LAW FIRM
2700 Regions Center
400 West Capitol Avenue
Little Rock, Arkansas 72201

Stephen Bingham
Cross, Gunter, Witherspoon & Galchus, P.C.
500 President Clinton Avenue Suite 200
Little Rock, Arkansas 72201

Deirdre C. McGlinchey
McGlinchey Stafford
1811 Tower Drive Suite A
Monroe LA 71201

J.A. Felton
Kevin M. Kuhlman
Lathrop & Gage, LLP
2345 Grand Blvd. Suite 2800
Kansas City, Missouri 64108

John Baker, Esq.
Mitchell, Williams, Selig, Gates & Woodyard, PLLC
425 West Capitol Avenue Suite 1800
Little Rock, AR 72201