IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JMAR EXPRESS, INC.,** *et al.*                                                                    **PLAINTIFFS**

**v.**                                            **4:10CV01231-BRW**

**PETERBILT OF MEMPHIS, INC.,** *et al.*                                                    **DEFENDANTS**

## ORDER

Pending is a Motion to Strike Plaintiffs' Expert's Testimony by Defendants PACCAR, Inc. and Peterbilt of Memphis, Inc. (Doc. No. 172). Plaintiffs have responded.[1] Also pending is a Motion to Exclude Testimony of David Merrion by Defendant Caterpillar, Inc. ("Caterpillar") (Doc. No. 149). Plaintiffs have responded,[2] and Caterpillar has replied.[3] For the reasons set out below, both Motions (Doc. Nos. 172, 149) are DENIED without prejudice.

**I.      PACCAR and Peterbilt of Memphis**

PACCAR and Peterbilt of Memphis ("POM") urge that the Court should strike the testimony of David Merrion, Plaintiffs' Expert witness, as to PACCAR and POM because: (1) Merrion's Rule 26 expert report expressed to opinions related to PACCAR's trucks; (2) Merrion's opinion has no factual basis and does not create a genuine issue of material fact; and (3) Merrion has no basis for his opinions.

---

[1] Doc. No. 187.

[2] Doc. No. 174.

[3] Doc. No. 182.

1

On May 31, 2012, Plaintiffs filed a second amended complaint adding new claims against Caterpillar.[4] On June 7, 2012, a second amended final scheduling order was entered.[5] Discovery in this case is still ongoing. According to the second amended final scheduling order, the expert disclosure deadline is October 22, 2012, and the rebuttal expert disclosure deadline is November 21, 2012. The dispositive motions deadline is December 6, 2012; trial is scheduled for February 19, 2013.

PACCAR and POM's motion to exclude is well taken; Merrion's report was not focused on PACCAR trucks, but on Caterpillar engines. Expert disclosure deadlines in this case, however, are still months away. Accordingly, the parties' Motion (Doc. No. 172) is DENIED without prejudice.

## II.     Caterpillar

Caterpillar asserts that Merion's testimony is unreliable because: (1) he cannot conform that his count of engine "failures" is accurate; (2) his "failure rate" expressed in terms of claims per engine per miles is flawed; (3) his comparison of his calculated failure rate expressed in terms of claims per engine per month to industry claim rates is invalid; and (4) he cites no authority for what he contends are industry standards. Caterpillar also maintains that Merion's testimony is irrelevant.

Caterpillar's motion, particularly in connection with industry standards, is also well taken, and is also DENIED without prejudice for the same reasons as given above.

IT IS SO ORDERED this 31st day of July, 2012.


/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[4] Doc. No. 162.

[5] Doc. No. 166.