### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**JMAR EXPRESS, INC. &**
**CHRISCAT LEASING, INC.**                                       **PLAINTIFFS**

**V.**                          **CASE NO. 4-10-CV-1231 WRW**

**PETERBILT OF MEMPHIS, INC.,**
**PACCAR INC., CATERPILLAR INC.**
**& CUMMINS MID-SOUTH, L.L.C.**                    **DEFENDANTS**

### ANSWER OF CATERPILLAR INC.
### TO SECOND AMENDED COMPLAINT

Comes the separate Defendant, Caterpillar Inc., by its attorneys, Cross, Gunter, Witherspoon & Galchus and McGlinchey Stafford, and for its Answer to Plaintiffs' Second Amended Complaint, states:

1.      On information and belief, Caterpillar Inc. admits the allegations contained in Paragraphs 1, 2, 3 and 4 of Plaintiffs' Second Amended Complaint.

2.      On information and belief, Caterpillar Inc. admits the allegations contained in Paragraph 5 of Plaintiffs' Second Amended Complaint.

3.      Caterpillar Inc. is without sufficient knowledge or information from which to admit the allegations contained in Paragraphs 6, 7, 8, 9, 10 and 11 of Plaintiffs' Second Amended Complaint and, therefore, those allegations are denied.

4.      Caterpillar Inc. is without specific knowledge or information concerning the allegations contained in Paragraphs 12 of Plaintiffs' Second Amended Complaint regarding the alleged meeting and, therefore, those allegations are denied.  Further, to the extent Plaintiffs allege an agency relationship between Caterpillar and Doug Anders

or Riggs, that is specifically denied, as is the ability of Mr. Anders to communicate to Plaintiffs "the official Caterpillar position regarding the engine." Moreover, Caterpillar denies the assertion that "the problems with the engine were so severe that Caterpillar had decided to remove itself from this market."

5.      Caterpillar denies the allegations contained in Paragraphs 13, 14 and 15 of Plaintiffs' Second Amended Complaint.

6.      On information and belief, Caterpillar Inc. admits the allegations contained in Paragraphs 16 and 17 of Plaintiffs' Second Amended Complaint.

7.      Caterpillar denies the allegations contained in Paragraph 18 of Plaintiffs' Second Amended Complaint.

8.      Caterpillar Inc. adopts and realleges the assertions contained in Paragraphs 1 through 7 above as its response to Paragraph 19 of Plaintiffs' Second Amended Complaint.

9.      Caterpillar denies the allegations contained in Paragraph 20 of Plaintiffs' Second Amended Complaint.

10.     Caterpillar Inc. is without sufficient knowledge or information from which to admit the allegations contained in Paragraph 21 of Plaintiffs' Second Amended Complaint and, therefore, those allegations are denied. Although this allegation does not appear to be directed at Caterpillar Inc., to the extent that any portion alleges or attempts to allege any improper act or omission by Caterpillar Inc., such allegations are specifically denied.

11.     Caterpillar admits that it manufactured the engines at issue with respect to the 2010 model trucks and that it extended a warranty applicable to each engine. As to the express written warranty, a copy is in the record and it speaks for itself and is the

best evidence of what it provides.  Beyond that, the allegations contained in Paragraph 22 of Plaintiffs' Second Amended Complaint are denied.

12.    Caterpillar denies the allegations contained in Paragraphs 23, 24, 25, 26, 27, 28 and 29 of Plaintiffs' Second Amended Complaint.

13.    Caterpillar denies the allegations contained in Paragraphs 30 and 31 of Plaintiffs' Second Amended Complaint.

14.    Caterpillar Inc. adopts and realleges the assertions contained in Paragraphs 1 through 13 above as its response to Paragraph 32 of Plaintiffs' Second Amended Complaint.

15.    Caterpillar Inc. admits the status of the respective parties as corporate entities, but denies the applicability of or liability under the ADTPA as is alleged in Paragraphs 33 and 34 of Plaintiffs' Second Amended Complaint.

16.    Caterpillar Inc. denies the allegations contained in Paragraphs 35, 36 and 37 of Plaintiffs' Second Amended Complaint.

17.    Caterpillar Inc. adopts and realleges the assertions contained in Paragraphs 1 through 16 above as its response to Paragraph 38 of Plaintiffs' Second Amended Complaint.

18.    Caterpillar Inc. denies the allegations contained in Paragraphs 39, 40 and 41 of Plaintiffs' Second Amended Complaint.

19.    Caterpillar Inc. admits that Plaintiffs' demand is in excess of the federal jurisdictional limit as is alleged in Paragraph 42 of Plaintiffs' Second Amended Complaint.

20.    Caterpillar Inc. joins in Plaintiffs' request for a trial by jury.

21.     Caterpillar Inc. adopts and realleges the assertions contained in Paragraphs 1 through 20 above as its response to Paragraph 44 of Plaintiffs' Second Amended Complaint.

22.     Caterpillar Inc. denies the allegations contained in Paragraphs 45, 46 and 47 of Plaintiffs' Second Amended Complaint.

23.     Caterpillar Inc. denies all allegations contained in Plaintiffs' Second Amended Complaint that are not specifically admitted herein.

30.     Caterpillar Inc. states that Plaintiffs' Second Amended Complaint fails to state any claims or facts upon which relief can be granted against it.

31.     Caterpillar Inc. states that the incident and resulting injuries, if any, were proximately caused or contributed to by the negligence of Plaintiffs. Accordingly, Caterpillar Inc. raises their comparative fault as an affirmative defense.

32.     Caterpillar Inc. states that the incident and resulting injuries, if any, were the result of an intervening proximate cause or fault of third parties over whom Caterpillar Inc. had no control.

33.     Caterpillar Inc. states that the incident and injuries, if any, were proximately caused or contributed to by the misuse, improper use or alteration of the subject vehicles after the engines left the custody and control of Caterpillar Inc.

34.     Pleading affirmatively, Caterpillar Inc. states that Plaintiffs have not given the appropriate notice necessary to support a claim for breach of warranty and, therefore, such a cause of action should be dismissed.

35.     Even if Plaintiffs had asserted a viable claim for breach of warranty, the terms of the applicable warranties extended by Caterpillar Inc., copies of which have been filed of record in this case, define the extent of Caterpillar Inc.'s responsibility for

issues such as have been asserted by Plaintiffs. As to each such covered item, Caterpillar Inc. affirmatively asserts that it has complied with its obligations. Further, the warranties specifically and conspicuously disclaim responsibility for the incidental or consequential damages that are being claimed by Plaintiffs.

36.     By way of further affirmative defense, Caterpillar Inc. asserts and relies upon all defenses available under the Arkansas Products Liability Act, Ark. Code Ann. § 16-116-101, *et seq.*

37.     While continuing to deny that it was guilty of any negligence, breach of warranty, or in any other manner responsible or liable to the Plaintiffs in any way which contributed to the incident or the injuries which is the subject matter of this lawsuit, Caterpillar Inc. states that, if it be found liable at the trial of this cause, fault should be determined and apportioned in accordance with the provisions of the Arkansas Uniform Contribution Among Tortfeasors Act, Ark. Code Ann. § 16-61-201, *et seq.*

38.     Caterpillar Inc. states that any award of punitive damages under Arkansas law would be unconstitutional because such an award would violate the due process clause in Amendment V of the United States Constitution which is made applicable to the states by Amendment XIV to the United States Constitution, and the due process clause found in Article 2, Section 8, of the Arkansas Constitution, because Arkansas law provides no definite standard for setting the amount of punitive damages and because there is no detailed substantive standard for appellate review of punitive damage awards to ensure that an award is reasonable in amount and rational in light of its purpose and because there is no established post-trial procedure for scrutinizing punitive damage awards, enumerating factors for the trial court to consider in reviewing a verdict for excessiveness, and because the trier of fact is allowed unlimited, unobstructed discretion

in awarding punitive damages and for other due process deficiencies; and because an award of punitive damages would violate the excessive fines clause in Amendment VIII of the United States Constitution and the excessive fines clause in Article 2, Section 9 of the United States Constitution and because an award of punitive damages would violate Amendment VII of the United States Constitution, which provides the right to jury trial, because the instructions that would be given under Arkansas law would not allow proper evaluation by the jury of relevant factors and evidence or the appropriate ruling by the trial court, consistent with Amendment VII, of the award.

39.     Caterpillar Inc. affirmatively asserts that Plaintiffs have failed to mitigate their alleged damages.

39.     Caterpillar Inc. reserves the right to plead further as may become necessary or appropriate.

WHEREFORE, having fully answered, Caterpillar Inc. prays the Court dismiss Plaintiffs' Second Amended Complaint as against it and award whatever other legal and equitable relief to which it may be entitled.

Respectfully submitted,

C. G. NORWOOD, JR. (#10083)
DEIRDRE McGLINCHEY
MCGLINCHEY STAFFORD, PLLC
12th Floor, 601 Poydras Street
New Orleans LA 70130
TEL: (504) 586-1200

And

6

CROSS, GUNTER, WITHERSPOON
   & GALCHUS, P.C.
500 President Clinton Ave., Suite 200
Little Rock, AR 72201
TEL:   (501) 371-9999
FAX:   (501) 371-0035
sbingham@cgwg.com

By:   /s/ M. Stephen Bingham
          M. Stephen Bingham (#83023)

## CERTIFICATE OF SERVICE

I hereby certify that on August 7th, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following attorneys of record:

Michael J. Emerson, Esq.
Barber, McCaskill, Jones and  Hale, P.A.
400 W. Capitol Ave., Suite 2700
Little Rock, AR 72201
ATTORNEYS FOR PACCAR INC. AND
PETERBILT OF MEMPHIS

John Belew, Esq.
Laura Brissey, Esq.
Belew, Bell & Brissey
500 E. Main, Suite 301
Batesville, AR  72501
ATTORNEYS FOR PLAINTIFFS

   /s/ M. Stephen Bingham
    M. Stephen Bingham

195243